■ In the Matter of the Claim of the Estate of WALTER PHILLIPS, Deceased, Respondent, v. RIDGEMONT GOLF CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of death benefits. Appellants contend that the decedent was not an employee within the meaning of the Workmen's Compensation Law. The facts concerning the accident and death are without dispute. Decedent was the president of a membership corporation organized for and operating what is com-

monly recognized as a country club and golf course for the social and recreational activities of its members. It is undisputed that decedent was an executive officer of the corporation under subdivision 6 of section 54 of the Workmen's Compensation Law. He served as president of the corporation without salary or other direct financial remuneration. On the day of his death decedent participated in a golf tournament, which he had assisted in promoting as a fund raising as well as a recreational activity of the club. Following the golf tournament a banquet was held in which decedent participated as host and as a speaker. The evidence discloses that after the dinner decedent participated in social activities with guests and members of the corporation; discussed the financial results of the tournament with members and the possibility of a future tournament for the raising of additional funds. During this meeting decedent, apparently on his way to the men's room, fell in descending a flight of stairs and sustained injuries which resulted in his death. There is adequate evidence to support the finding of the board that the accident arose out of and in the course of his employment. Appellants do not argue otherwise. The only remaining question, and the only one urged by appellants, is whether decedent was an "employee" within the meaning of the Workmen's Compensation Law. Clearly decedent was an executive officer of a corporation within the meaning of subdivision 6 of section 54 of the Workmen's Compensation Law, which reads, in part: "6. Insurance of officers of corporations. Every executive officer of a corporation other than a religious, charitable or educational corporation, or elected or appointive officers of a municipal corporation, or officers of any post or chapter of organizations of veterans of any war of the United States shall be deemed to be included in the compensation insurance contract or covered under a certification of self-insurance." A membership corporation is not one of the exclusions, so that for the purposes of this case the important part of subdivision 6 is "Every executive officer of a corporation * * * shall be deemed to be included in the compensation insurance contract". Subdivision 6 of section 54 also provides: "The executive officers within the coverage of the insurance contract * * * shall have the same rights and remedies as any employee and shall be entitled to compensation". There is adequate evidence to support the board's finding that decedent was an employee within the provisions of the Workmen's Compensation Law. Moreover, appellant carrier's policy expressly covers "executive officers" and it presumably based its premium accordingly. It may not now assert that decedent was not a "covered employee". Award unanimously affirmed, with costs to the Workmen's Compensation Board.